FILED
MAY 11 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:16 CR 293 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| RICKIE GONZALEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion and Memorandum for Compassionate Release. (ECF # 94). The Government filed an opposition to the request. (ECF #98). No reply was filed.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), an inmate may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, the inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied

thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). This exhaustion requirement is "mandatory" if invoked by the government and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834. There are no equitable exceptions "to account for irreparable harm or futility," including in cases involving COVID-19. *Id.* at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021). The Government does not challenge Mr. Gonzalez's representation that he filed two requests for compassionate release with the BOP, over thirty days ago, and that the BOP did not respond to either request. Because more than thirty days have passed since the BOP received the request, under Sixth Circuit precedent this motion is properly before this Court.

In order to justify compassionate release a court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction; and (2) consider the applicable §3553(a) factors. *See, United States v. Jones*, Case No 20-3701, at 9 (6th Cir., Nov. 20, 2020). The Sixth Circuit has recently stated that, following the passage of the First Step Act, the policy statements set forth in U.S.S.G. §1B1.13 are not "applicable" policy statements that court must consider in making a decision on a compassionate release motion brought directly by an inmate. *United States v. Elias*, Case No. 20-3654 (6th Cir., January 6, 2021); *Jones* at 13; *Minor* at 2. Therefore, "[u]ntil the Sentencing Commission updates §1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a §3582(c)(1)(A) motion." *Jones* at 13. A "compassionate release decision is discretionary, not mandatory." *Jones* at 9; *Cf. United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

The Court recognizes that the COVID-19 pandemic has created a stressful and dangerous environment for everyone, and that the dangers are exacerbated for those in certain categories. It is also clear that people who are confined in closed residential facilities, be it prisons, nursing homes, college dorms, or other similar facilities, are less able to protect themselves from exposure to the virus. Although, as outlined in more detail in the Government's brief, the BOP, has been making adjustments and improvements in their handling of the pandemic as new information comes in, risk factors are re-assessed, and best practices are revised, it is still a difficult to control the spread of the virus within this context. Nonetheless, vaccination of inmates is underway, and the fear of contracting COVID-19 in and of itself is not an extraordinary and compelling reason to reduce an inmate's sentence. Further, there is no evidence or even assertion that Mr. Gonzalez has any health issues that would put him at an increased risk for serious consequences if he were to contract COVID-19. Thus, he has not demonstrated any extraordinary and compelling reasons for early release. His claim that he has served 75% of his sentence and has been a "model prisoner" also fail to establish extraordinary and compelling reasons for release. He is to be commended for his dedication to following the rules, addressing his addiction issues, and improving himself by taking advantage of educational opportunities and vocational training. These efforts will be important to his post-incarceration success. However, they are not extraordinary and compelling reasons to justify compassionate release or otherwise sufficient grounds for early release.

In addition, even if the Court were to find extraordinary and compelling reasons to consider relief, it must also balance all of the §3553 sentencing factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of

3

unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. A fair balancing of the 18 U.S.C. §3553(a) factors, leads to the conclusion that under this set of circumstances, a reduction in sentence would not be appropriate.

Mr. Gonzalez was a criminal history VI and had a thirty year history of serious and often violent criminal activity prior to his arrest in this case, consisting, among others, of drug offenses, theft offenses, aggravated assault, aggravated burglary and kidnapping. In the instant case, Mr. Gonzalez pled guilty to two counts of bank robbery, one of which involved the possession or brandishing of a dangerous weapon. Further, he committed these crimes while on supervision in state court. Mr. Gonzalez has repeatedly demonstrated that he is not amenable to rehabilitation and is a high risk for recidivism.

Reducing his sentence would create an unjustified disparity between him and his co-defendant, as well as other defendants with similar charges and criminal history. For purposes of this opinion, the Court considered Mr. Gonzalez's filings, the plea agreement, and the record relating to her pre-sentence report and original sentencing. In addition it balanced all the factors set forth in 18 U.S.C. §3553(a). The factors at play in Mr. Gonzalez's case do not support a sentence reduction in this case. For the reasons set forth above, the Court finds, in its discretion, under the totality of the circumstances, that the Defendant's Motions for Compassionate Release should be DENIED. (ECF#94). IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: May 12, 2021